PER CURIAM.
Defendant-appellant seeks review of an order granting plaintiff’s motion to strike certain affirmative defenses, to strike defendant’s counterclaim and to dismiss defendant’s counterclaim in an action to recover a deficiency balance.
Pursuant to a retail installment sales contract for the purchase of an automobile, defendant-appellant agreed to make 24 monthly payments commencing on March 24, 1970 to the plaintiff-appellee. Subsequently, defendant defaulted on three payments and plaintiff declared the entire balance due. Thereafter, in accordance with the terms of the contract, plaintiff peacefully repossessed the automobile by self-help. The automobile was sold at a public sale. The proceeds from the sale not satisfying the entire balance due, the plaintiff filed suit to recover the difference which amounted to $837.18. In response thereto, defendant filed his answer in which he raised several affirmative defenses which primarily were based on the contention that Fla.Stat. §§ 679.9-503 and 679.9-504, F.S.A. (concerning a creditor’s right to take possession of and sell collateral upon default of the debtor on a secured obliga *730 tion) were unconstitutional in that these statutes violated defendant’s right under the 4th, 5th, 6th and 14th Amendments to the U.S. Constitution. In addition, appellant also filed a counterclaim in which he realleged all the affirmative defenses in his answer and sought compensatory and punitive damages. Plaintiff then moved to strike affirmative defenses, to strike counterclaim, and to dismiss counterclaim. The State of Florida moved to intervene on the issue of the constitutionality vel non of Fla.Stat. §§ 679.9-503 and 679.9-504, F.S. A. The trial court granted the intervention. The parties submitted respective memoranda of law with respect to their positions as required by the trial judge. After hearing oral argument, the judge entered his order striking affirmative defenses 1, 2, 3, 4, 5 and 6, alleged in the answer and realleged in the counterclaim, but permitted paragraph 9 of affirmative defense 6 to stand. Defendant’s counterclaim was dismissed with leave to file an amended counterclaim within twenty (20) days.
Defendant-appellant appeals therefrom and contends it was error for the trial court to have stricken the affirmative defenses and to have dismissed the counterclaim. We disagree.
Recently.in Northside Motors of Florida, Inc. v. Brinkley, Fla.1973, 282 So.2d 617, factually similar to the case sub judice, the Florida Supreme Court upheld the validity of Florida Statutes, Section 679.9-503, F. S.A. Thus, we find the trial judge was eminently correct in striking those affirmative defenses based upon the contention of the unconstitutionality of Fla.Stat. §§ 679.-9-503, 679.9-504, F.S.A. and dismissing defendant’s counterclaim.*
Accordingly, the order of the trial court is hereby affirmed.
Affirmed.

 In order to dispel any notions that this court is passing upon the validity of a Florida statute, we note that defendant-appellant appealed directly to the Florida Supreme Court which transferred the cause to this court to decide the issues involved.